FILED
CLERK

November 16, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MAHENDER M. SABHNANI,

               Plaintiff,

        v.

MIRAGE BRANDS, LLC,

               Defendant.

-------------------------------------------------------------X

**ORDER**

22-cv-00936 (JS) (JMW)

**A P P E A R A N C E S:**

Sam P. Israel
**SAM P. ISRAEL, P.C.**
32 Broadway, 11th Floor
New York, New York 10004
*Attorney for Plaintiff*

Wendi Opper Uzar
Robert J. Schoenberg
**RIKER DANZIG LLP**
1 Speedwell Avenue
Morristown, NJ 07960-6838
*Attorneys for Defendant*

**WICKS,** Magistrate Judge:

      Location matters, not just in real estate, [1] but in depositions too. This latest motion raises the question of where the deposition of Defendant's Rule 30(b)(6) witness should take place:

---

[1] Lord Harold Samuel, real estate tycoon from Britain, is credited with coining the phrase "location, location, location", as the three things that matter in real property. William Safire, *Location, Location, Location*, N.Y. Times Magazine (June 26, 2009). In view of the adamantine positions advanced by the parties here, it appears this slogan has equal application to 30(b)(6) depositions.

1

*New York* or across the river in *New Jersey*?  In short, Defendant refuses to produce its Rule 30(b)(6) corporate witness in New York, instead insisting that the corporate representative will only appear in New Jersey.  Plaintiff, on the other hand, noticed the deposition to take place in New York, New York.[2]

For the reasons that follow, Plaintiff's motion to compel the deposition of Defendant's corporate deposition to take place in New York (DE 37) is denied.

## BACKGROUND

According to the complaint, Plaintiff Mahender Sabhnani ("Plaintiff") has been in the personal fragrance business for decades.  He designs, markets, and sells perfumes and colognes, including the distribution of these fragrances to wholesalers domestically and internationally.  (DE 1, at 1-2.)  He sells using his "Royal Mirage" composite trademark (the "Royal Mirage Mark") registered with the USPTO. *Id.*  In 2018, Plaintiff claims to have learned that Defendant had registered two marks with the USPTO for "Mirage Brands" that Plaintiff alleges were strikingly similar to his.  *Id.* at 2. Thereafter, Plaintiff filed a cancellation petition with USPTO's Trademark Trials and Appeals Board ("TTAB") to cancel Defendant's registrations.  Following trial and a decision issued by TTAB cancelling Defendant's marks, Plaintiff commenced this action.  Defendant answered and counterclaimed. (DE 8.)  Plaintiff moved to dismiss the counterclaims (DE 26), which is *sub judice.*

---

[2] One would think that as a result of the widespread acceptance of remote, virtual depositions becoming the "new normal" (*see Rouviere v. DePuy Orthopaedics, Inc.,* 471 F. Supp. 3d 571 (S.D.N.Y. 2020) ("conducting depositions remotely is becoming the 'new normal'")), disputes like this would go the way of the dinosaurs.  Notwithstanding the availability of that platform (*see* Fed. R. Civ. P. 30(b)(4)), Plaintiff insists on taking the deposition in person and the court has not been asked to change that preference.

In the interim, the undersigned held a status conference on November 1, 2022, at which time certain discovery disputes were resolved. Remaining, however, was the issue of the location of Defendant's 30(b)(6) deposition.

## DISCUSSION

We start with the rules. In general, "the party noticing the deposition usually has the right to choose the location." *See Buzzeo v. Bd. of Educ.,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citation omitted); see also Fed. R. Civ. P. 30(b)(1) (dictating that notice "must state the time and place of the deposition"); 7 Moore's Federal Practice, § 30.20[1][b][ii] (same). Notwithstanding, the Court in its discretion has the authority to designate the location of depositions. *JB Aviation, LLC v. R Aviation Charter Servs., LLC,* No. CV 14-5175, 2016 WL 4444794, at *4 (E.D.N.Y. Aug. 23, 2016); *see R.P. Family, Inc. v. Commonwealth Land Title Ins. Co.,* Nos. 10 CV 1149, 10 CV 1727, 2011 WL 6020154, at *1 (E.D.N.Y. Nov. 30, 2011); *Sugarhill Records Ltd. v. Motown Record Corp.,* 105 F.R.D. 166, 171 (S.D.N.Y. 1985). That is, under Rule 26(c), the Court is vested with the authority to determine how and where a deposition should take place. *See Sugarhill*, 105 F.R.D. at 171; *see generally* Kevin J. Butler & Amy A. Pines, "Don't Pack Your Bags . . .Yet, Rules for Setting the Location of a Defendant's Deposition", *Corporate Counsel* (April 2007) (reviewing case law and factors considered by the courts).

When it comes to depositions of corporate defendants and officers, however, there is a presumption that depositions will take place "in the district where the deponent resides or has a principal place of business." *Glatt v. Fox Searchlight Pictures, Inc*., No. 11 Civ. 6784(WHP), 2012 WL 2108220, at *4 (S.D.N.Y. June 11, 2012) (internal quotation and citation omitted);

3

*Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 155 (S.D.N.Y. 1997); *Davis v. Farrell,* No. CV 16-4874, 2017 WL 2817051, at *2 (E.D.N.Y. June 29, 2017) ("Although a party noticing a deposition can generally choose the location for the deposition, 'courts presume that a deposition of a non-resident defendant should generally be conducted in the district where the defendant lives or works.'") (quoting *Robert Smalls Inc. v. Hamilton,* 2010 WL 2541177, at *1 (S.D.N.Y. 2010)). The rule that the parties must generally go where the witnesses are located "applies with equal force to 30(b)(6) witnesses." *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 388 (S.D.N.Y. 2011). The reasoning is simple: a plaintiff is the one who chooses the forum state in which to bring suit; defendants, on the other hand, have no say in the chosen forum and, as such, it is plaintiff who must bear any burdens that may arise. *See Federal Deposit Ins Co. v. La Antillana, S.A.*, No. 88 CV 2670, 1990 WL 155727*,* at *1 (S.D.N.Y. Oct. 5, 1990).

Whether this presumption is overcome is considered through the lens of a three-part test:

> In analyzing whether a defendant's deposition should be conducted at his place of residence or within the forum of the litigation, courts consider three factors: cost, convenience and litigation efficiency. *See Trustees of Local 813 Ins. Trust Fund v. Indus. Recycling Sys., Inc.,* No. 12-CV-1522, 2013 WL 6178579, at *1 (E.D.N.Y. Nov. 25, 2013); *Robert Smalls Inc. v. Hamilton,* No. 09 CIV. 7171, 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010) ("A plaintiff may overcome the presumption [that defendant be deposed at his place of residence] by showing that factors of cost, convenience, and litigation efficiency militate in favor of a different location.") (internal citation omitted). Importantly, no one factor is dispositive. *JB Aviation, LLC,* 2016 WL 4444794, at *4. Instead, courts engage in a balancing test to ultimately determine which forum is most appropriate given the unique set of factual circumstances at issue. *See Sloniger,* 2010 WL 5343184, at *4 (balancing factors of cost, convenience, and litigation efficiency, and ultimately concluding that since "the three factors do not decisively favor either side . . . the deposition of [defendant] . . . shall be in [defendant's place of residence]").

*Goris v. BCN Tech. Servs., Inc.,* No. CV 17-1565 (JFB) (AKT) (E.D.N.Y. 2019); *see also Walia v. Napolitano,* No. CV 11-2512 (ADS) (WDW), 2012 U.S. Dist. LEXIS 205901, at *2-3 (E.D.N.Y. Mar. 19, 2012) (depositions taken in districts where coporate defendants reside, unless other factors militate otherwise).

Here, Plaintiff contends that his case files are located at his counsel's office in Manhattan, as are staff familiar with the action, relying on *Buzzeo v. Bd. of Educ.* (considering location of deposition based upon location of relevant records). In addition, Plaintiff's counsel argues that it "is but a two-person firm" and "Defendant's counsel, on the other hand, is a large one of considerable means," and therefore "[t]ravelling out of state will cause more burden to Sam P. Israel, P.C. and the Plaintiff than it will Riker Danzig and its large corporate client, Mirage Brands LLC." (DE 37, at 2.)

Defendant, on the other hand, is a company with a staff of 8; it is a New Jersey Limited Liability Company based out of Princeton, New Jersey. (DE 38, at 2; DE 39 (Uzar Decl.), at ¶ 20.) Defendant has no physical presence in New York, and all of the documents and 30(b)(6) corporate representatives hail from New Jersey. (DE 39, at ¶¶21-22).

Since Plaintiff noticed Defendant's deposition to take place in a District other than the District of its principal place of business, "plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances" (*Dagen v. CFC Grp. Holdings Ltd.*, 2003 U.S. Dist. LEXIS 13859, at *5-6 (S.D.N.Y. Aug. 7, 2003)), which it has not done here. Under these circumstances, Plaintiff's motion to have the deposition conducted in-person in New York is denied. Defendant is directed to produce its 30(b)(6) witness for either: (i) a virtual deposition; or (ii) an in-person deposition at the offices of Defendant's counsel in Morristown, New Jersey. The right to elect to take the deposition either virtually or in-person rests with Plaintiff, who is directed to file a letter

5

with the Court on or before November 18, 2022 advising which method was chosen. The date and time of the deposition shall be mutually agreed upon by the parties.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's application to compel the deposition of Defendant's 30(b)(6) witness to take place in New York is DENIED.

Dated: Central Islip, New York
       November 16, 2022

**S O  O R D E R E D:**

/S/ *James M. Wicks*
United States Magistrate Judge