FILED
CLERK

February 1, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MAHENDER M. SABHNANI,

                Plaintiff,

       v.

MIRAGE BRANDS, LLC,

                Defendant.

---------------------------------------------------------------X

**MEMORANDUM ORDER**

22-cv-00936 (JS) (JMW)

**A P P E A R A N C E S:**

Sam P. Israel
Timothy Savitsky, Esq.
**SAM P. ISRAEL, P.C.**
32 Broadway, 11th Floor
New York, New York 10004
*Attorney for Plaintiff*

Wendi Opper Uzar
**RIKER DANZIG LLP**
1 Speedwell Avenue
Morristown, NJ 07960-6838
*Attorneys for Defendant*

**WICKS,** Magistrate Judge:

      In this trademark infringement action concerning fragrances, Plaintiff served a non-party subpoena on Amazon, and anticipates serving other non-parties, namely, Amazon customers. Defendant seeks to block those efforts. Before the Court at this time is Defendant's motion, pursuant to Fed. R. Civ. P. 26 (c), for a protective order, prohibiting Plaintiff from serving subpoenas without leave of Court, on the ground that the anticipated subpoenas "are being used

1

to harass [Defendant] and its customers without any relevant connection to the claims, facts, or allegations in this matter." (DE 42 at 1.)

As a threshold matter, this application raises the fundamental issue of whether Defendant has standing to block these discovery efforts and, if so, whether the efforts should be blocked as requested. It also raises the basic question of whether materials obtained by a party through the service of a non-party subpoena must be disclosed or provided to the other party.

## **BACKGROUND**

Familiarity with the underlying facts of this case is assumed. In short, Plaintiff Mahender Sabhnani ("Plaintiff") designs, markets, and sells perfumes and colognes, including the distribution of these fragrances to wholesalers domestically and internationally. (DE 1 at 1-2.) He sells using his "Royal Mirage" composite trademark (the "Royal Mirage Mark") registered with the USPTO. (*Id.*) Defendant in 2017 had registered two marks with the USPTO for "Mirage Brands" that Plaintiff alleges were strikingly similar to his. (*Id.* at 2.) Thereafter, Plaintiff filed a cancellation petition with USPTO's Trademark Trials and Appeals Board ("TTAB") to cancel Defendant's registrations. Following trial and a decision issued by TTAB cancelling Defendant's marks, Plaintiff commenced this action. Defendant answered and counterclaimed. (DE 8.) Plaintiff moved to dismiss the counterclaims (DE 26), which is *sub judice*.

In the meantime, discovery proceeds apace, and this latest dispute is now before the Court.

**DISCUSSION**

The starting point is that "[t]he party issuing the subpoena", here Plaintiff, "must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); *see Salvatorie Studios, Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001). Relevance for subpoenas is determined as outlined in Rule 26(b)(1). *See In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)"); *see Ford Motor Credit Co. v. Meehan*, No. CV 05-4807, 2008 WL 2746373, at *4 (E.D.N.Y. July 11, 2008). Rule 26(b)(1) recognizes that "[i]nformation is discoverable ... if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case'") (internal citation omitted).

Rule 26(c) affords protections for abusive or embarrassing discovery, providing that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1); *see Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]he touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first instance, on a party's ability to establish good cause"). The burden is on the party seeking

3

issuance of the protective order to show "good cause" through "particular and specific facts" as opposed to "conclusory assertions." *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005). "If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Id.* at 55.

"Because of the interest in broad discovery, the party opposing the discovery of relevant information, whether through a privilege or protective order, bears the burden of showing that based on the balance of interests the information should not be disclosed." *Fowler-Washington v. City of New York*, No. 19-CV-6590 (KAM) (JO), 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020) (internal quotation and citation omitted). So here, the burden lies with Defendant to show that the information should not be disclosed. But that, however, presupposes Defendant even has standing to challenge the subpoena in the first instance.

So, does Defendant have standing to challenge subpoenas served by Plaintiff upon a non-party? *Maybe.* The general rule is that "[o]rdinarily, a party lacks standing to challenge a subpoena served on a non-party unless the party asserts or establishes a personal right or privilege with regard to the subpoenaed information." *Allstate Ins. Co. v. A & F Med. P.C.*, No. 14-CV-6756, 2016 WL 7116067, at *2 (E.D.N.Y. Dec. 6, 2016); *see Estate of Ungar v. Palestinian Auth.*, 332 Fed.Appx. 643, 645 (2d Cir. 2009) (collecting authorities). And that is true whether the motion to block the subpoena is by motion for a protective order or to quash. *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); Moore's Federal Practice, para. 45.05[2]. The standard to be applied in evaluating whether a party in fact has standing to seek a protective order is the same as that which is applied in the context to efforts by parties to quash subpoenas directed to non-parties. *Heller v. City of New York*, 2008 U.S.

4

Dist. LEXIS 117684, at *13-14 (E.D.N.Y. Apr. 11, 2008).  A party's general desire to thwart disclosure of information from a non-party, however, is simply not an interest sufficient to create standing. *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2012 U.S. Dist. LEXIS 158448, at *5-7 (S.D.N.Y. Nov. 5, 2012).

Here, Defendant seeks to prevent discovery of the non-parties on the grounds that the discovery sought from the non-parties is "broad, burdensome, and harassing . . . to each of Mriage Brands' five largest customers seeking irrelevant sales and advertising information from and of MCH's customers." (DE 42.)  Nowhere, however, does the motion identify a personal right or privilege in need of protection that would provide the requisite standing to challenge these non-party subpoenas.  Accordingly, as to the subpoenas already served, that branch of the motion for a protective order is denied.

As to the anticipated but not yet served subpoenas, the Court lacks the requisite specificity to determine the propriety of the subpoena. *Cf. Am. Charities for Reasonable Fundraising Regulation, Inc. v. O'Bannon*, 2013 U.S. Dist. LEXIS 161847 (D. Utah Nov. 13, 2013) (request lacked the requisite specificity because it fails, and is in fact unable, to specify exactly what documents it seeks to protect under the order).  Defendant seeks to block subpoenas that Plaintiff is threatening to serve on non-parties.  Unless and until those subpoenas are served, the Court will not consider that branch of the motion ripe.  Put simply, the Court will not issue an advisory opinion on subpoenas not yet issued under the circumstances presented in this motion.

Finally, as to the production of documents obtained through the non-party subpoenas, that branch of the motion is granted.  Once documents are produced by the non-party in response to the subpoenas, Plaintiff must provide copies – either electronically or hard copy – to Defendant.  Although nothing in Rule 45 explicitly requires parties to share the documents they obtain via

third-party subpoenas, parties usually do produce such documents as a matter of course. *IsoNOva Technologies LLC v. Rettig*, 2022 U.S. Dist. LEXIS 35777, at *2-3 (N.D. Iowa Feb. 3, 2022). To hold otherwise would undermine a basic tenet of discovery as envisioned by Rule 26 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for a protective order (DE 42) is DENIED, with the exception that any documents received by Plaintiff in response to non-party subpoenas must be produced to Defendant.

Dated: Central Islip, New York
February 1, 2023

**S O  O R D E R E D:**

/s/ *James M. Wicks*
United States Magistrate Judge